Argued and submitted August 4, 1993, affirmed May 4, 1994

# STATE OF OREGON,
*Appellant,*

*v.*

# REX FRANK MILLER,
*Respondent.*

(C920824CR, C920825CR, C920826CR;
CA A76761 (Control), A76762, A76763)
(Cases Consolidated)

874 P2d 107

Timothy A. Sylwester, Assistant Attorney General, argued the cause for appellant. With him on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Timothy M. Bowman argued the cause for respondent.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and Haselton, Judge.*

PER CURIAM

---

* Haselton, J., *vice* Durham, J.

## PER CURIAM

The state appeals the trial court's order granting defendant's demurrer to three indictments. The state argues that the trial court erred in concluding that prosecution of the alleged crimes was time barred, because the state did not allege in the indictments that the victim had not reported the crime more than six years earlier and that, in any event, retroactive application of the 1991 amendments to ORS 131.125 would violate the *ex post facto* provisions of the state and federal constitutions. We affirm.

We need not, however, address the state's arguments on appeal because, in our recent decision in *State v. Cookman*, 127 Or App 283, 873 P2d 335 (1994), we held that the revival of a time barred prosecution under ORS 131.125, as amended, violates the principles of fundamental fairness embodied in the Due Process Clause of the United States Constitution. Accordingly, even if the state is correct that the retroactive application of the 1991 amendments to ORS 131.125 does not violate the *ex post facto* provisions of the state and federal constitutions, it would serve no purpose to remand this case to the trial court. Because the state concedes that the crimes alleged in the indictments were time barred before the effective date of the 1991 amendments to ORS 131.125, under our holding in *Cookman*, prosecution of these crimes cannot be revived.

Affirmed.